UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID STEPHENS,<br><br>　　　　　Defendant. | CASE NO. CR15-99 MJP<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

This matter comes before the Court on Defendant David Stephens' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1). (Dkt. No. 140.) Having received and reviewed the following:

　　1.　Defendant's Motion (Dkt. No. 140);

　　2.　Declarations filed in support of Defendant's Motion (Dkt. Nos. 141-143);

　　3.　Plaintiff's Response (Dkt. No. 148);

　　4.　Defendant's Reply (Dkt. No. 150) and supporting declaration (Dkt. No. 151);

　　5.　Defendant's Surreplies (Dkt. Nos. 152, 153, and 156);

6. Defendant's Motion for Leave to File an Overlength Motion (Dkt. No. 139);

all attached declarations and exhibits, and relevant portions of the record, the Court rules as follows:

1. The Court DENIES the Motion for Compassionate Release; and
2. The Court GRANTS the Motion for Leave to File an Overlength Motion.

**Background**

In 2016 Defendant pleaded guilty to production and possession of child pornography and was sentenced to a fifteen-year sentence. Defendant has a projected release date of December 19, 2027, and must abide by a lifetime of supervised release. Defendant, age 55, is housed at FCI Lompoc, which has suffered a significant COVID-19 outbreak. Defendant has already tested positive for COVID-19 in May 2020, and his medical records show that he was asymptomatic—no fever, cough, or other relevant symptoms. Defendant avers that he suffers from chronic back pain, which he treats with ibuprofen.

**Analysis**

Three conditions must be met before a previously imposed sentence may be reduced under the First Step Act:

> (1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);
>
> (2) The inmate has presented extraordinary and compelling reasons for the reduction; and
>
> (3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

18 U.S.C § 3582(c)(1)(A). The Sentencing Commission's policy statement is as follows:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

18 U.S.S.G. Appx. § 1B1.13. The Sentencing Commission's policy statement is binding on this Court. See Dillon v. United States, 560 U.S. 817, 827 (2010).

Since the passage of the First Step Act, the Sentencing Commission has not provided guidance to the District Courts as to the definition of "extraordinary and compelling reasons." Be that as it may, the Court finds the Commission's definition of the term "extraordinary and compelling reasons" instructive. That guidance suggests that "extraordinary and compelling reasons" should de determined by examining: (1) the medical condition of the defendant, including any terminal illness, serious physical or medical conditions, serious functional or cognitive impairment or deteriorating physical or mental health due to advancing age that diminishes the defendant's ability to provide self-care in prison and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) family circumstances including the death or incapacitation of the caregiver of the defendant's minor

child or spouse or registered partner when the defendant would be the only available caregiver; and (4) other reasons that are not specifically defined. U.S.S.G. § 1B1.13, app. note 1.

Defendant does not meet the guidelines for compassionate release under the First Step Act. While Defendant has exhausted his administrative remedies, he has not demonstrated "extraordinary and compelling" reasons for a reduction in his sentence. First, Defendant has not shown that he is suffering from a terminal illness or a serious physical or medical condition. U.S.S.G. § 1B1.13 cmt. n.1. Defendant's back pain does not rise to the level of a serious physical or medical condition that he cannot manage. Second, Defendant is not 65 years old and is not "experiencing a serious deterioration in physical or mental health because of the aging process." And Defendant has not served 75% of his sentence—considering reductions for good conduct, he has served less than 50% of his sentence. Third, Defendant has not demonstrated family circumstances that show an extraordinary or compelling reason to justify his early release. While the Court acknowledges Defendant's concerns over his potential for COVID-19 re-infection and the risk of complications due to his age, it does not find compelling and extraordinary circumstances warranting his early release.

Even if Defendant had shown an extraordinary or compelling reason for release, he has not convinced the Court that he "is not a danger to the safety of any other person or to the community." 18 U.S.S.G. Appx. § 1B1.13. Defendant's underlying offense involved not just the possession but also the production of child pornography involving a young child. This is a serious offense and, as Defendant admits, the nature of his actions is "horrendous." (Dkt. No. 140 at 15.) So while Defendant professes to accept his guilt, he has not demonstrated how his release to a transitional housing program would not pose a danger to the safety of the community

given his underlying offense and misconduct. This is an independent basis on which the Court finds early release inappropriate.

Having failed to meet the conditions set by statute for compassionate release, Defendant's motion is DENIED.

The Court finds good cause to accept and GRANT Defendant's motion for overlength motion and brief (Dkt. No. 139), which it has considered in full.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 9, 2020.

Marsha J. Pechman
United States District Judge